**In re Gilbert Mandel HARRISON, Debtor.**

No. 08–10035.

United States Bankruptcy Court, N.D. Ohio, Eastern Division.

June 25, 2008.

---

Christopher G. Phillips, Wiles, Boyle, Burkholder & Bringardner, Columbus, OH, for MidFirst Bank.

Philip Lamos, Office of the Chapter 13 Trustee, Cleveland, OH, for Craig Shopneck, Chapter 13 Trustee.

### *MEMORANDUM OF OPINION AND REFERRAL TO UNITED STATES ATTORNEY*

PAT E. MORGENSTERN–CLARREN, Bankruptcy Judge.

This is the debtor Gilbert Harrison's third bankruptcy case since 2007 and his second chapter 13 case. The court dismissed this most recent case because the debtor did not pay the amounts due to the chapter 13 trustee. At a hearing on the debtor's motion to reinstate the case, he proposed to pay the money by filing several documents with the Clerk of the United States Bankruptcy Court; the main document is titled "Registered–Discharging and Indemnity Bond" for $3 million drawn on his account at the "Department of Treasury." As discussed below, the court finds that this is not a genuine document, denies the motion to reinstate, and refers this matter for investigation to the United States Attorney for the Northern District of Ohio under 18 U.S.C. § 3057(a).

### *JURISDICTION*

The court has jurisdiction under 28 U.S.C. § 1334 and General Order No. 84 entered on July 16, 1984 by the United States District Court for the Northern District of Ohio. This is a core proceeding under 28 U.S.C. § 157(b)(2).

1. Case no. 07–14690.

2. Case no. 07–17650.

3. In the Northern District of Ohio, Cleveland division, a debtor whose case has been dismissed for lack of funding is permitted to

### *FACTS*

#### A. The Debtor's Other Cases

The debtor filed a chapter 7 case *pro se* on June 22, 2007.[1] The case was dismissed on the United States trustee's motion. On October 9, 2007, the debtor filed a chapter 13 case *pro se*, which he voluntarily dismissed on October 23, 2007.[2]

#### B. Dismissal of this Case

The debtor filed this chapter 13 case *pro se* on January 4, 2008. The court held several hearings to address the debtor's use of the wrong forms, failure to file his plan on time, and failure to pay the filing fee in his second case. Eventually, the chapter 13 trustee moved to dismiss the case with sanctions based on a material failure to fund the plan (the debtor had not paid anything since the case was filed) and to file the necessary documents to prosecute it. The court granted the motion on April 17, 2008.

#### C. The Debtor's Request to Reinstate this Case and Opposition to It

The debtor filed various documents which the court treated jointly as a motion to reinstate the case.[3] These documents are titled:

(1) Motion for relief from order to dismiss case # 08–10035 with sanctions and request for reinstatement of case # 08–10035, with a document attached that is titled Affidavit of Truth in Commerce Equality Under the Law is Paramount and Mandatory by Law;[4]

move to reinstate the case within 30 days after the dismissal if the debtor has the funds in full to bring the chapter 13 trustee's account current.

4. Docket 40.

(2) Motion for Emergency Stay of Sheriff's Sale and Confirmation of Sale, subtitled Judicial Notice;[5]

(3) Notice of Violation of due process and unlawful sheriff's sale Equality under the law is paramount.[6]

The chapter 13 trustee objected to the motion on the ground, among others, that the debtor still had not paid any part of the $1,750.00 in overdue plan payments.[7] Creditor MidFirst Bank also objected, alleging that it had already foreclosed on a mortgage on the debtor's house and sold the house at a sheriff's sale to pay amounts due under the note secured by the mortgage.[8]

### The Hearing on the Motion to Reinstate

The court held a hearing on the motion on June 24, 2008. At the hearing, the court asked the debtor if he had with him the funds needed to bring the trustee's account current; i.e. $1,750.00. The debtor replied that he had papers that he was prepared to file that would pay the money. The court accepted the documents into evidence and examined them;[9] they are:

1. *Discharging and Indemnity Bond issued to Henry M. Paulsen, Jr. dated June 23, 2008.*

The main part of the document states that it is a registered Discharging and Indemnity Bond in the amount of $3 million issued on June 23, 2008 and with a maturity date of June 23, 2038. Under Registered Holder and Fiduciary, it states: Geri M. Smith [10]

U.S. Federal District Court

Howard M. Metzenbaum U.S. Courthouse

201 Superior Avenue

Cleveland, Ohio 44114

Under For Offset By/Through, it states:

Gilbert Mandel Ricardo Harrison, grantor

Private Offset Account No. 283787775

Securitization Bond: Non–Negotiable Unlimited Private Bond for Setoff No. RA 112 399 557 US, Gilbert Mandel Ricardo Harrison, Principal; Geri M. Smith Holder in Due Course

The next part reads:

*This Private Discharging and Indemnity Bond shall be entered as an asset to the United States Department of the Treasury in the amount of Three Million Dollars*

*KNOW ALL MEN BY THESE PRESENTS, to facilitate lawful commerce in the absence of substance backed currency in circulation,* **Pat E. Morgenstern–Clarren** *("Fiduciary") upon receipt of this private Discharging and Indemnity Bond* **No.** *GMRH002) ("Bond") shall post the full face value of the Bond as an asset to the benefit of the* **United States Bankruptcy Court** *to be used and applied specifically in the manner described hereunder for the purpose of securing honorable settlement for the account holders and accounts listed below. The Fiduciary has been entered in*

5. Docket 44.

6. Docket 45.

7. Docket 48.

8. Docket 50.

9. The debtor also filed the documents after the hearing, with the exception of the employment card. *See* docket 51.

10. Geri M. Smith is the Clerk of the United States District Court for the Northern District of Ohio.

*the books of the grantor as the registered holder.*

(Emphasis in original).

The balance of the document says that the listed account holders are entitled to collect against the bond. The account holders are: MidFirst Bank; Chris Sheffield, s/b/a Loan Resolution Specialist, MidFirst Bank; Pat E. Morgenstem–Clarren d/b/a Judge, United States Bankruptcy Court; and Craig Shopneck,[11] d/b/a Trustee, United States Bankruptcy Court. And it states further that the Fiduciary has 30 days from presentment to dishonor the Bond by returning it.

2. *Ohio Department of Health Certificate of Live Birth*

This appears to be the debtor's birth certificate. The document is partially obscured by a stamp across the top that reads:

ACCEPTED FOR VALUE
Office Holder–Secretary of the Treasury
I ACCEPT FOR VALUE all related endorsements (front and back) In accord with HJR–192 and UCC 3–419 and Public Law 73–10. Charge my Private UCC Contract Trust Account. . . .

3. *UCC Financing Statement and Addendum*

This document says that it was filed with the Kentucky Secretary of State on May 5, 2008 on behalf of the debtor, purporting to enter the debtor as a secured party into the "Commercial Registry." The registration is to:

secure the rights, title(s), and interest in the Root of Title Birth Certificate No. 181835812W as received by the STATE OF OHIO, OFFICE OF VITAL STATISTICS, DNA, Retina Scans, Fingerprints . . . and all Debentures, Indentures, Accounts, and all the Pledges represented by the same included, but not limited to the pignus, hypotheca, hereditments, res, the energy and all products derived therefrom, nunc pro tunc, but not limited to all capitalized names: GILBERT MANDEL HARRISON, GILBERT M. HARRISON, or any derivatives thereof, and all contracts, agreements, and signatures, and/or endorsements, facsimiles, printed, typed, or photocopied of owner's name predicated on the 'Strawman', LLC (ENS LEGIS) described as the Debtor and all property is accepted for value and is exempt from levy. Record owner is not the guarantor or surety to any other account by explicit reservation Adjustment of this filing is from Public Policy HJR–192 [codified at 31 USC 5118(a)(*l*)(A)(B)(C)] and UCC 1–104.[sic] All proceeds, products, accounts, baggage and fixtures and the Orders therefrom are to be released to the Secured Party as the Authorized Representative of the Debtor. Debtor is a commercial transmitting utility and is also a trust.

4. *1040–V Payment Vouchers 2007, Two Forms 1099–OID 2008, and Correspondence to Frank Russo (the county auditor) and James Rokakis (the county treasurer)*

The gist of these documents is that the debtor owes real estate taxes payable to the county treasurer, other debts payable to the county auditor relating to liens on the debtor's house, and $300,000.00 to MidFirst to satisfy a note secured by a mortgage on his house. He states that he is paying those debts through checks drawn on the account created by the Bond.

---

**11.** Craig Shopneck is the chapter 13 trustee for the Northern District of Ohio at Cleveland.

5. *Form W–8BEN Certificate of Foreign Status of Beneficial Owner for United States Tax Withheld*

This form, signed by the debtor, states that he is the beneficial owner of income to which the form relates.

6. *Notary Notice to Debtor*

This document is from Tracy Simmons, Notary Acceptor, to Mr. Sheffield dated June 23, 2008.[12] The notice states that Ms. Simmons is holding a Bill of Exchange for $300,000 and it instructs Mr. Sheffield in part that he "is hereby given notice that I, as an official Notary Public of the State of Ohio have been requested to present this negotiable instrument to you for your acceptance (payment) or dishonor as in Uniform Commercial Code 3–501."

7. *Letter Rogatory*

This is a document from the debtor to the chapter 13 trustee appointing him to handle the debtor's affairs, including invoking his "right to offset with my private exemption pursuant to Chapter 48, 48 Stat. 112 (House Joint Resolution 192)."

8. *A letter dated June 22, 2008 from the debtor to the undersigned*

In the letter, the debtor states that he is the general trustee for himself and is also a secured party, but he is participating in the bankruptcy case only as an intervenor. In those capacities, he says that he is authorizing the "plaintiff" to use his exemption represented by the Bond to pay his debts and asks the undersigned to settle his accounts and close his case. The letter states that it is private and not intended for the public record.

9. *The debtor's card from his employment*

The card states that the debtor is employed at Apex Academy, National Heritage Academies. In an earlier hearing, he stated that he is a teacher in a Cleveland school.

**DISCUSSION**

The debtor's theory based on his documents may be summarized in this fashion: he will pay the chapter 13 trustee (and his other creditors) by drawing on a private account or private exemption created in his name when he was born, which account is held at the Department of the Treasury, through Secretary Henry Paulsen, pursuant to "P.L. 73–10 (See H.J.R. 192 dated June 5, 1933)." The debtor can draw on this account by giving a creditor or the court a blank check and directing the recipient to tender it to the Department of the Treasury. If the recipient fails to do this, and fails to send a "bona fide notice of dishonor," then the debt is discharged.

With a few minor twists, this is the same theory espoused by a group known as Redemptionists. *See In re Cadillac by DeLorean,* 262 B.R. 711 (Bankr.N.D.Ohio 2001) (rejecting the legal argument that the federal government declared bankruptcy in 1933, leading each individual to have a financial account in the range of $1 million created through a birth certificate to reward the individual for his worldly efforts, and dismissing involuntary bankruptcy petitions based on this theory). *See also In re Cadillac by DeLorean,* 265 B.R. 574 (Bankr.N.D.Ohio 2001) (sanctioning individuals who filed involuntary bankruptcy petitions against others based on this theory).

---

**12.** According to the public records, Tracy Simmons is registered as a notary public in Ohio and her commission expires March 20, 2012.

The court finds that the United States did not file bankruptcy in 1933 and that there are no cases or statutes that support the debtor's position that he is the owner of such a birth account. As was true in the *Cadillac by DeLorean* cases, "[t]he legal-looking citations in [the debtor's] papers are misleading. They do not refer to any relevant law, but instead point the reader to 'laws' that never existed, to laws that may have existed at one time but are no longer in effect, or to laws that exist but do not provide any support whatsoever for the proposition for which they are cited." *In re Cadillac by DeLorean,* 262 B.R. at 718. The court finds further that there is no account held at the Treasury Department for the debtor's benefit and he cannot discharge his debts in this case by tendering documents to the chapter 13 trustee or the court that allegedly draw on that claimed account.

As the debtor did not prove that he had funds in hand to pay to the chapter 13 trustee to bring his account current, the trustee's objection is sustained and the motion to reinstate is denied. The court also refers this matter for investigation to the United States Attorney for the Northern District of Ohio under 18 U.S.C. § 3057(a).

A separate order will be entered reflecting this decision.

### ORDER

For the reasons stated in the memorandum of opinion entered this same date, the debtor's motion to reinstate this case is denied (docket 40, 44, 45, 51), and this matter is referred to the United States Attorney for the Northern District of Ohio for investigation.

IT IS SO ORDERED.